UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LARRY J. JACKSON, JR., )
)
    PLAINTIFF, )
)
vs. )   CASE NO. 10-CV-510-FHM
)
MICHAEL J. ASTRUE, )
Commissioner of the )
Social Security Administration, )
)
    DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Larry J. Jackson, Jr., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir.

---

[1] Plaintiff's May 31, 2007 application for Disability Insurance Benefits was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held June 16, 2009. By decision dated September 11, 2009, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on June 23, 2010. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was 44 years old on the alleged disability onset date. [R. 23, 32]. He claims he has been unable to work since May 14, 2007, due to: emphysema; chronic obstructive pulmonary disorder (COPD); chronic low back pain; degenerative disc disease (DDD); lumbar spondylosis; lumbar disc disease; spinal stenosis; gastroesophageal reflux disease (GERD); depression and anxiety. [Plaintiff's Opening Brief, Dkt. 16]. The ALJ determined that Plaintiff has severe impairments consisting of COPD/emphysema; DDD-lumbar spine; GERD and tobacco abuse. [R. 17]. He also concluded that Plaintiff's depression is severe but not to the point of disability. [R. 23]. The ALJ found Plaintiff retains the residual functional capacity (RFC) to perform sedentary work activity impeded by additional limitations. [R. 20-21, 24]. He determined that, with this RFC, Plaintiff could not return to his past relevant work as a welder but that there are jobs that exist in significant numbers in the economy that Plaintiff could perform. [R. 23]. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 24]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the following errors: 1) that the ALJ failed to properly consider and weigh the medical source evidence, including the primary treating physician's opinion; 2) that the ALJ failed to propound a proper hypothetical to the VE; and 3) that he neglected to perform a proper credibility determination. [Dkt. 16, p. 2]. After review of the record the Court agrees with Plaintiff's first allegation of error and finds this case must be remanded to the Commissioner for reconsideration.

### Dr. Brown's Opinion

At issue in this case are two forms filled out and signed by Jack Brown, M.D., who Plaintiff testified had been his treating physician for twelve to fifteen years. [R. 53-54].

The first is a form on Sand Springs Medical Associates' letterhead addressed to the OK Disability Determination Division and dated July 4, 2007. [R. 326]. The form consists of typewritten categories and handwritten notations as follows:

This patient's ability to do work related activities are outlined below:

```
Sitting -            short periods
Standing -           "         "
Walking -            "   distances
Lifting -            no
Carrying light objects -  < 5 lbs.
Handling objects -   yes
Hearing -            yes
Speaking -           yes
Traveling -          no
Understanding/Memory - no
Concentration/Persistence - no
Social interaction - no
Adaptation - no
```

[R. 326].

The second form is an RFC check-list dated May 28, 2009, on which Dr. Brown indicated that in an 8-hour work day, Plaintiff could: sit 1 to 2 hours at one time; stand 30 minutes at a time; and walk 10 minutes at a time. [R. 445-448]. He found that during an entire 8-hour day, Plaintiff could sit 2 to 3 hours, stand 30 minutes and walk 30 minutes. [R. 445]. He wrote: "unable to sit still even in the exam room when I am [checking] him!!". [R. 445]. He indicated Plaintiff was able to lift 6 - 10 lbs. occasionally; carry 6 - 10 lbs. occasionally; use feet for repetitive movements as in pushing and pulling leg controls "for short periods" and use hands for repetitive movement to include grasping "for short periods." [R. 445-446]. He found Plaintiff was able to occasionally bend, reach, handle and finger but was not able to squat, crawl or climb at all. [R. 446].

Plaintiff was totally restricted against working around unprotected heights, marked changes in temperatures and humidity, dust, fumes and gases and vibrations and had moderate restrictions around moving machinery and driving. [R. 446].

Dr. Brown answered "no" to the questions: "If your patient was allowed to perform a job within the above parameters, would he be able to perform such work on a sustained and continuing basis (8 hours per day, 5 days per week)?" [R. 446]. The basis for this opinion was: "1) significant lung disease; 2) spondylosis with pain to lumbar spine." [R. 446].

Dr. Brown opined that Plaintiff's impairments would interfere with his ability to engage in work that required a consistent pace of production and that his concentration was impaired by pain or other impairments to a marked degree. [R. 447]. He wrote: "He is depressed as well." He answered "yes" to the question: "Based on your observation and treatment of this patient, do you believe the patient will experience symptoms, on

a chronic basis, from his underlying medical condition(s) which would reasonably be expected to cause distraction from job tasks or result in a failure to complete job tasks in a timely manner for a total of one or more hours during a typical eight (8) hour workday?" and wrote: "When depressed, your cognition is not as sharp as in a non-depressed patient." [R. 447].  He anticipated Plaintiff's absences from work would be more than three times a month and that his medications would interfere with his ability to concentrate or reason effectively.  He wrote: "Pain meds sedate people along with lyrica and muscle relaxants." [R. 447].  His medical findings were listed as: severe lung disease, lumbar spondylosis/arthritis and its pain, depression due to his medical problems.  He wrote: "He is a fairly young man to have to deal with the severity of problems." [R. 448].

The ALJ cited Dr. Brown's July 4, 2007 notation in the medical summary portion of his written decision but did not mention it again in his analysis of Plaintiff's credibility or RFC or anywhere else in his decision. [R. 17-18].  He did not even mention Dr. Brown's May 28, 2009 RFC assessment.  Nor did he discuss Dr. Brown's treatment records that documented Plaintiff's subjective complaints and Dr. Brown's clinical findings.

It is clear from the ALJ's written decision that he reviewed Dr. Brown's treatment records because he cited the numerous prescriptions for pain medications during his credibility analysis. [R. 17-18].  It is also clear that he had possession of Dr. Brown's RFC assessment because he presented it to the VE at the hearing and said: "... if I look at Dr. Brown's RFC that that would be work eliminating, because it does not provide for at least eight hours of standing, sitting and walking in a workday. So I'm not going to

specifically bring up Dr. Brown's RFC, because it is, as I said, by definition eliminates all competitive work." [R. 65]. However, because he did not otherwise discuss Dr. Brown's opinions or treatment records and did not explain how he weighed that evidence during his analysis of Plaintiff's credibility or his determination of Plaintiff's RFC, the Court cannot conclude that his decision is supported by substantial evidence.

An ALJ has an obligation to determine whether a treating physician's opinion is entitled to controlling weight or, if not, whether it is entitled to some lesser weight or none at all. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir.2003) (remanding where ALJ offered no explanation for the weight, if any, he gave to the opinion of claimant's treating physician). The ALJ's decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id. (quotation omitted).

When evaluating the opinion of a treating physician, the ALJ must follow a sequential analysis. In the first step of this analysis, he should consider whether the opinion is well supported by medically acceptable clinical and laboratory diagnostic technique and is consistent with the other substantial evidence in the record. See 20 C.F.R. § 404.1527(d)(2); *Watkins,* 350 F.3d at 1300 . If the answer to both these questions is "yes," he must give the opinion controlling weight. *See id.* But even if he determines that the treating physician's opinion is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether, or assigned some lesser weight. He does this by applying the factors provided in 20 C.F.R. §§404.1527 and 416.927. *See Watkins,* 350 F.3d at 1300. These factors include:  (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment

relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1301 (internal quotation marks omitted).

Counsel for the Commissioner posits that "The ALJ implicitly and correctly discounted Dr. Brown's opinion, given that it conflicted with other medical evidence." [Dkt. 19, p. 6]. However, the ALJ did not offer this explanation of how he weighed the evidence from Dr. Brown. Moreover, even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. [§§ ] 404.1527 and 416.927." *Id.* And, "[a]fter considering the pertinent factors, the ALJ must give good reasons ... for the weight he ultimately assigns the opinion." *Id.* at *3 (quotation omitted). Further, "if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Id.* (quotation omitted). An ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir.2002).

The ALJ failed to demonstrate that he had properly considered the treating physician's opinion and his records under these guidelines. Because the ALJ's written decision is legally deficient in this respect, his subsequent findings regarding Plaintiff's credibility and ability to perform work activities are likely undermined and should be revisited upon remand.

**Conclusion**

The ALJ failed to demonstrate that he properly considered all the relevant medical evidence and the Court cannot assess whether his determination that Plaintiff is not disabled is supported by substantial evidence. Therefore, the decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED for reconsideration.

Dated this 1st day of September, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE